MOORE, Judge.
Appellant, an employee of the City of Ft. Lauderdale, seeks to participate in the City’s pension plan and contends that the refusal of the City to permit appellant to participate in the pension plan constitutes unlawful discrimination contrary to the equal protection clauses of the Florida and United States Constitutions. We agree.[1]
Appellant commenced work as an employee of the City of Fort Lauderdale in October, 1969. At that time, he was fifty-four years, six months and twenty-nine days of age. The pension plan in effect at that time covered only those employees who were under the age of fifty-four years and six months when they were initially employed by the City.
On January 3, 1973, Ordinance C-72-94 went into effect and revised the City’s pension plans. The eligibility requirements and qualifications of this second pension plan were set forth in Section 31-3:
“Sec. 31-3. Eligibility.

(1)Conditions of Eligibility

(a) General Employees who are Participants of the City’s Employees’ Pension Plan at the time of the adoption of this Retirement System shall become Members of this System.
(b) Any future Employee shall become a Member provided that:
(1) Such Employee satisfactorily completes all required medical examinations for an Employee of his classification, and,
(2) Such Employee meets all requirements of the Civil Service Board of the City except the probationary period, and,
(3) The Employee makes required contributions as provided herein for Members of the General Employees System.”
This pension plan had no age limitation except that it provided for mandatory retirement at the age of sixty-five. The more important aspects of the plan included a monthly retirement benefit, but no employee would be entitled to the benefit unless he completed eight years of employ *402 ment with the City. The other principal aspect of the plan was a preretirement death benefit equal to four times the annual earnings in effect at the date of death. In December 1973, Ordinance C-73-121 revised the second plan and reinstituted the age limitation.
Shortly after the second plan became effective in January 1973, appellant sought coverage under that plan. An employee of the City’s Finance Department had informed the employees that the new plan contained no age restriction. Soon thereafter appellant received a memorandum from the office of the Director of Finance informing him that he was not eligible under Section 31-3 of the new plan because the new plan only covered employees who were participants in the prior plan and “any future employees.” Appellant was neither an employee covered under the prior plan nor a future employee.
The discriminatory effect of the new plan on appellant can be seen through the following hypothetical situation. If a fifty-six year old person was employed by the City in March, 1973 he would qualify for the pension plan, regardless of his age, as a “future employee,” assuming he completed the requisite medical examination and provided the necessary contributions toward the plan. If a “future employee,” hired subsequent to January 3, 1973, is eligible for the plan regardless of his age, why should a “former employee,” such as appellant, remain ineligible merely because he was hired prior to January 3, 1973, and was therefore neither a “future employee” nor an employee covered under the prior plan?
The general principles applicable to equal protection clause discrimination cases have been reiterated frequently and need not be set forth with great detail. Legislative classifications which interfere with the exercise of a fundamental right (e. g., right to vote; right of interstate travel) or which operate to the peculiar disadvantage of a suspect class (e. g., race; aliens) are subjected to strict judicial scrutiny and will only be valid upon the showing of a compelling state interest. Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). This case does not involve such a classification. Other discriminatory classifications, including classifications based on age, must merely adhere to the rational basis standard. Murgia, supra.
The discrimination in the instant case is based partly on appellant’s age and partly on his initial date of employment. This is not a case of pure age discrimination, such as the eligibility of an employee under 55 vis-a-vis the ineligibility of an employee over 55. As the prior hypothetical demonstrated, the issue is whether an over-55 employee hired before January 3, 1973 should remain ineligible for the pension plan while an over-55 employee hired after January 3, 1973 should qualify. The only distinction between the two individuals is their initial date of employment. While the second plan contains no express age restriction, the age restriction of the prior plan still affects appellant because he cannot qualify for the second plan by virtue of being an employee covered under the prior plan. He was not covered under the prior plan because of his age.
The City’s argument supporting appellant’s ineligibility would be persuasive in arguing that elderly employees, in general, can constitutionally be excluded from pension plans. These same arguments lose their persuasive effect when some elderly employees are eligible under the second plan, but other elderly employees are ineligible merely because they were hired before January 3, 1973. For example, the City argues that it is proper to exclude elderly employees from the plan because statistically they are more prone to die prior to retirement than employees who commence working for the City at a younger age. Inclusion of the elderly employees would •arguably subject the City to potentially onerous financial liabilities in terms of the pre-retirement death benefits. This argument, if statistically sound, could feasibly provide the rational basis to support the age discrimination in the original plan and in the December 1973 revision of the second *403 plan. During the one year hiatus, the second plan indicates the City’s willingness to cover those employees who were over 54 years and 6 months (future employees) when hired, but not other employees in the same age category. Therefore, the City’s argument justifying the exclusion of elderly employees from the second pension plan is irrelevant.
We hold that when the City deleted the age limitation from the second plan with respect to “future employees,” but attempted to retain the age limitation with respect to appellant and other similarly situated employees, the City arbitrarily and irrationally discriminated against appellant in violation of his constitutional rights. There is no rational basis for retaining an age restriction on the eligibility of former employees while eliminating such a restriction for future employees. It is unconstitutional for the second pension plan to cover some employees who were over 54V2 years when hired, but not to cover other employees who were over 54V2 years when hired.
Thus, appellant was entitled to participate in the pension plan in early 1973 if he passed the required medical examination and made the monetary contributions toward the plan. The trial transcript reveals that appellant took the medical examination and tendered funds to the plan which were subsequently returned.
Permitting appellant to join the pension plan at this time does present some practical problems. The plan has a mandatory retirement age of 65 and post-retirement benefits are unavailable until an employee has worked for the City for at least eight continuous years and has contributed to the plan for an equal time period. Thus, even if appellant is permitted to retroactively contribute to the pension plan from January 1973 to present, appellant will still have to retire before his eight years of employment and contributions entitle him to any rights under the pension plan. We cannot permit retroactive contributions for the years 1969 through 1972 because our holding is merely that the second pension plan unconstitutionally discriminated against appellant during the one year in which it remained effective. Of course, appellant can provide the retroactive contributions and become eligible for benefits in the event the mandatory retirement age is waived or extended. Or, appellant could forego the retroactive contributions and only contribute in the future. This would entitle appellant to the preretirement death benefits since the eight year vesting period only applies to the post retirement benefits.
Accordingly, we reverse the final judgment and remand for entry of a final judgment in accordance with this opinion.
REVERSED and REMANDED.
CROSS and ANSTEAD, JJ., concur.

. Acts done under the authority of a municipal ordinance are embraced within the Fourteenth Amendment to the United States Constitution. See Home Telephone & Telegraph Company v. Los Angeles, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913).